IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARMEEKA MILLER<br>Parent and next friend of K.M.<br>and K.M. individually<br>511 24th Street NE<br>Washington, DC 20002<br><br>        Plaintiff,<br>    v.<br><br>DISTRICT OF COLUMBIA<br>A Municipal Corporation<br>One Judiciary Square<br>441 Fourth Street, NW<br>Washington, D.C. 20001<br><br>to serve:<br><br>MURIEL BOWSER, Mayor<br>District of Columbia<br>441 4th Street, N. W.,  6th Fl<br>Washington, D.C. 20004<br><br>KARL A. RACINE<br>Attorney General<br>441 4th Street, N. W.,  6th Fl<br>Washington, D.C. 20004<br><br>        Defendant. | Civ. A. No: |

## **COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTIVE AND OTHER RELIEF**

COMES NOW, the Plaintiffs Shameeka Miller and her child, minor student K.M., by and through counsel, James E. Brown & Associates, P.L.L.C., and respectfully unto this Honorable Court state as follows:

1

## INTRODUCTION

This is a claim for injunctive and declaratory relief brought under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 et seq. ("IDEA"). The Plaintiff seeks a judgment 1) declaring that the District of Columbia Public Schools ("DCPS") violated the IDEA and denied S.D. a free appropriate public education ("FAPE"), 2) Ordering the Defendant to place and fund S.D. in an appropriate full-time therapeutic setting with a dedicated aide, including funding transportation, and to fund compensatory education.

## JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to:
    a. The Individuals with Disabilities Educational Improvement Act, 20 U.S.C. §§ 1400-1461 ("IDEIA"), and pendent jurisdiction pursuant to D.C. Mun. Regs. Title 5 §§ 3000.1 – 3701.3 (2003);
    b. Declaratory Relief is authorized by 28 U.S.C. §§ 2201 and 2202.
2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.
3. On September 27th and 28th, and October 6th, 2023 the Plaintiffs participated in an administrative hearing of the claims made in this Complaint conducted by the District of Columbia Office of the State Superintendent of Education ("OSSE") Office of Dispute Resolution. In an order dated October 14, 2023, the Hearing Officer found in favor of the Plaintiffs on some of the issues presented, but awarded inappropriate relief. *See* Exhibit 2.

## PARTIES

2

4. Plaintiff Shameeka Miler is the parent of her minor child, K.M., a minor student who has been deemed eligible to receive special education and related services from the District of Columbia Public Schools ("DCPS").

5. Plaintiff K.M. is a minor student who has been deemed eligible to receive special education and related services from DCPS.

6. Plaintiffs, at all times relevant to this action, have been residents of the District of Columbia.

7. That Defendant is a municipal corporation that receives federal funds pursuant to the IDEA, *see* 20 U.S.C. § 1411, in exchange for providing a free and appropriate public education ("FAPE"), and is obliged to comply with the applicable federal regulations and statutes, including but not limited, to IDEIA. *See also* § 1412(a)(1)(A).

## FACTUAL BACKGROUND

1. K.M. is a is a 16-year-old student who resides with his parent, Ms. Shameeka Miller in the District of Columbia.

2. K.M. is eligible for special education and related services as a student with autism.

3. Beginning in the 2021-2022 school-year, K.M. enrolled at McKinley Technology High School (:McKinley").

4. As a result of his autism, K.M. had significant difficulty with flexibility, and has trouble changing from one activity to another.

5. During the 2019-2020 school year, K.M.'s beginning-of-year i-Ready math assessment, he scored below grade level, and on his beginning-of-year Reading Inventory assessment was at the basic level, below grade level expectation.

3

6. K.M.'s IEP dated September 29, 2021, provided for two hours per week of specialized instruction outside general education, eight hours per week of specialized instruction inside general education, two hours per month of behavioral support services, and thirty minutes per month of speech-language pathology.

7. The September 29, 2021, IEP stated that in K.M.'s algebra class, the teacher noted that he did not participate in the class; it was also observed that he used his tablet to play games instead of viewing instructional material.

8. This IEP also stated that, of the ten classroom math assignments that had been assigned to the K.M. he had missed nine.

9. At this time, on the NWEA MAP assessment report, he scored in the 13th percentile.

10. Throughout the 2021-2022 school year, K.M. often fell asleep during class.

11. K.M. further found that he was overwhelmed in his math class, where he did not understand the material and often did not complete assignments.

12. During the 2021-2022 school year, K.M. did few of his English Language Arts ("ELA") assignments outside of class and was forced to play catch up throughout the year.

13. During the 2021-2022 school year, K.M. failed three courses, and was failing math during at least one reporting period.

14. During this school year, he also regressed in his socio-emotional goals, was struggling to pay attention and was sleeping during class.

15. K.M. struggled during this time to put answers on paper despite being provided extra time and having a reduced workload; he had challenges both at home and at school with executive functioning.

16. On July 31, 2023 a due process complaint was filed by Ms. Miller alleging, *inter alia*, that K.M. was provided with an inappropriate IEP on September 29, 2021.

17. Following a hearing on September 27th and 28th and October 6th, 2023, a Hearing Officer Determination was issued.

18. That issued found that the September 2021 IEP was inappropriate, in that it did not contain sufficient support for K.M. to enable him to access the more challenging curriculum at McKinley.

19. Specifically, the Hearing Officer found that "the September 2021 IEP did not recommend occupational therapy services, nor any additional behavioral support services or specialized instruction services, and did not otherwise adequately take into account the Student's new school environment."

20. Because of this, the Hearing Officer found that the inappropriate IEP left K.M. "disorganized and confused for a good portion of the school year."

21. The Hearing Officer further observed that the K.M.'s ELA teacher wrote that he "was 'consistently unfocused' and either 'completely disconnected by falling asleep in class during class readings, discussions, or independent work time' or 'doing a completely different assignment' or 'makeup work.'

22. The Hearing Officer also found that "[t]he ELA teacher wrote that '(w)hen asked to read independently, [the Student] tends to fall asleep' and that this teacher stated flatly that the Student was 'not getting the content and having a hard time completing the assignments'"

23. Based on the failure to provide appropriate services for K.M. during the 2021-2022 school year, the Hearing Officer found that the Defendant denied him a FAPE.

24. As to relief, the Hearing Office found that "[g]iven that the Student was denied a FAPE for an entire school year, this Hearing Officer finds Petitioner's request for compensatory education to be modest and reasonable."

25. Unfortunately, the order for relief stated that Ms. Miller "shall be reimbursed" for thirty (30) hours each of behavioral supports, executive functioning counseling, and occupational therapy, and fifteen (15) hours of tutoring.

26. Because of the phrasing that Ms. Miller shall be reimbursed, the Defendant has not authorized payment for the services in advance and is instead requiring that Ms. Miller pay service upfront and seek reimbursement later.

27. This phrasing is also uncommon; typically, the Defendant is ordered to issue funding authorization to the parent to pay for independent services.

28. In cases where the Defendant is ordered to provide a funding authorization, providers will provide services and then seek payment from the Defendant, rather than requiring upfront payment.

29. To date, no funding authorization has been issued to Ms. Miller for the ordered compensatory services.

30. Although rates charged vary between the providers, based on the reimbursement rates authorized by OSSE, the minimum amount required for Ms. Miller to pay for the services before seeking reimbursement is approximately $10,000.

31. Ms. Miller is unable to pay $10,000 up front in hopes that she can later be reimbursed.

32. For this reason, she is unable actually to access the relief which was ordered.

33. The wording of the relief granted to Ms. Miller is in error because it does provide her with relief that she can actually access and use.

34. Ms. Miller now brings this action seeking only to have the relief ordered changed to call for the Defendant to issue funding authorization for her to receive the services.

## COUNT I
**(Failure to offer an appropriate IEP in September 2021)**

35. Plaintiffs reincorporate paragraphs 1-34

36. The IDEA was enacted by Congress to, "ensure that *all* children with disabilities have available to them a free appropriate public education [(herein referred to as "FAPE")]" which courts have defined as "educational instruction specially designed to meet the unique needs of the handicapped child, supported by such services as are necessary to permit the child 'to benefit' from the instruction. 20 U.S.C. § 1400 (d)(1)(A). *See also Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. V. Rowley*, 458 U.S. 176, 189 (1982) (emphasis added).

37. "The IEP is 'the centerpiece of the statute's education delivery system for disabled children.'" *Endrew F. ex rel. Joseph F. v. Douglas County Sch. Dist. RE-1*, 137 S. Ct. 988, 994, 197 L. Ed. 2d 335 (2017), quoting *Honig v. Doe*, 484 U.S. 305, 311, 108 S. Ct. 592, 98 L.Ed.2d 686 (1988). "The IEP is the means by which special education and related services are 'tailored to the unique needs' of a particular child." *Endrew F.*, 137 S. Ct. at 994, quoting *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 181, 102 S. Ct. 3034, 73 L. Ed. 2d 690 (1982).

38. Here, as the Hearing Officer correctly found, the IEP offered in September 2021 was not appropriately designed to meet his needs.

39. Specifically, the Hearing Officer correctly found that "the September 2021 IEP did not recommend occupational therapy services, nor any additional behavioral support services or specialized instruction services, and did not otherwise adequately take into account the Student's new school environment."

40. The relief awarded to compensate K.M. for this denial of FAPE, however, was inappropriate.

41. By ordering the Defendant to reimburse Ms. Miller, rather than to authorize in advance funding for the compensatory services, the ordered relief is such that Ms. Miller cannot actually access it and will be unable to make up the denial of FAPE suffered by K.M. throughout the 2021-2022 school year.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests that this Court:

1) Reverse the October 14, 2023, HOD's relief,

2) Order the Defendant to authorize funding for compensatory education for these denials of FAPE,

3) Or, in the alterative, remand the case the hearing officer for consideration of appropriate compensatory education and other relief

4) Award the Plaintiff attorneys' fees and costs for this action;

5) Award any other relief the Court deems appropriate.

**Respectfully submitted,**

ROBERT W. JONES, Bar No. DC997776
Associate Attorney
James E. Brown & Associates, PLLC
1220 L Street, 7th Floor
Washington, D.C. 20005
(202) 742-2000 (voice)
(202) 742-2098 (fax)
**Attorneys for Plaintiffs**

8